FOURNET, Chief Justice.
The defendant, William Van Zant, Jr., prosecutes this appeal from his conviction and sentence on a bill of information jointly charging him and one Hershey Lee Jackson[1] with armed robbery of Kenneth R. Harris.
The defendant relies for the reversal of his conviction and sentence on a single bill of exception timely reserved and perfected to the overruling of his objection to any direct examination by the State of its witness, Clyde Adams, Jr.
In order to properly understand and dispose of this bill it is necessary to give a brief resume of the pertinent facts leading to the charge for which the defendant was convicted. The record reflects that initially Van Zant and Jackson were jointly charged with Clyde Adams, Jr. for the robbery of Harris, and upon the motion of the attorney for Van Zant a preliminary examination was held during which Adams was called to testify. Succinctly, he stated that on the night of the robbery he had been approached by Van Zant and Jackson to take them across town in his car and while driving them, they offered to make him a partner in a robbery, but upon his refusal to participate, he was forced by *549 Van Zant at gun point to do as they ordered. After being forced to ride around as they looked for an opportunity to carry out their plans, they finally came upon Harris, who was parked on the side of the road attempting to repair his automobile, whereupon Van Zant and Jackson got out, telling Adams to go up the street and then turn around so as to park behind the man, or they would shoot him, and he accordingly followed their order. Having completed the robbery of Harris, Van Zant and Jackson returned to the car and perpetrated two more robberies that night. Harris notified the police, giving them the license number of the car, which led to the arrest of Adams and subsequently, the arrest of the other two. Following this preliminary hearing, the judge declared the State had established probable cause to hold Van Zant, and the State then filed a new bill of information charging only Jackson and Van Zant with the armed robbery of Kenneth Harris. At the time of the trial when Adams was called by the State to testify on direct examination, counsel for defendant, obviously knowing what the contents of this testimony would be, objected and reserved his sole bill of exception to the overruling thereof.
Counsel for defendant urges first that the witness, Clyde Adams, Jr., by testifying would be reiterating a confession of which neither he nor the defendant had been given notice by the state that they intended to use, and, secondly, contends in an ingenious argument that “the trial court erred in allowing a witness to testify as an accusing complaining witness, over the objection of the defense, when in truth and in fact the witness was and had always been theretofore regarded by the State as being a defendant and should have been heard only in this true role, uncharacterized by the State,” maintaining that to permit him to testify “in a role other than that which he really played in life” thus denies the defendant of his constitutional right “to be confronted with the witnesses against him.”
This bill obviously lacks merit. No confession of the defendant, Van Zant, was ever sought to be introduced into evidence, nor did the witness, Clyde Adams, Jr., testify to any confessions or statements of the defendant made after the crime was committed, nor is there any evidence that his testimony was obtained by coercion or through any inducements by the State. Adams simply testified as a witness to a continuing series of events at which he was present, explaining how he became involved, the conspiracy that transpired, and exactly how the crime was committed. While this witness’ testimony was detrimental to the cause of the defendant, it does not detract from its probative value or admissibility; as a witness for the State he was subject to cross-examination by the defendant, and the credibility of his testi *551 mony and the weight to be given thereto was within the exclusive province of the jury. State v. McAllister, 253 La. 382, 218 So.2d 305; State v. Gunter, 208 La. 694, 23 So.2d 305; State v. Goins, 232 La. 238, 94 So.2d 244, cert. denied, 355 U.S. 847, 78 S. Ct. 74, 2 L.Ed.2d 57.
For the reasons assigned the conviction and sentence are affirmed.
SANDERS, J., did not participate.

. Upon being called for arraignment and following a discussion with the trial judge in his chambers, Jackson entered a plea of guilty to simple robbery on three charges in which he had been jointly charged with Van Zant, having been thoroughly ex-aminecl by the judge as to Ms understanding of what he was doing and the rights he was waiving, and accordingly was sentenced on each of the charges to serve 4 years with the sentences to run consecutively.